### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 11-0617 |
| v. | : | |
| | : | CIV. NO. 14-4975 |
| JO BENOIT | : | |
| | : | |

### MEMORANDUM

**NORMA L. SHAPIRO, J.**                                          **APRIL 20, 2015**

In June 2012, defendant Jo Benoit ("Benoit") was convicted of healthcare fraud, identity theft, and the illegal distribution of controlled substances.  Benoit was sentenced to seventy-two months in prison and six years of supervised release, and restitution was ordered in the amount of $422,583.62.  Her conviction and sentence were affirmed on appeal.  *United States v. Benoit*, 545 Fed. App'x. 171 (3d Cir. 2013).

Benoit now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. She asserts a claim of ineffective assistance of counsel on seven grounds.  The motion to vacate will be denied.

### BACKGROUND

In 2008, Benoit founded Transition Phase III, a mental health clinic in Philadelphia, and served as its chief executive officer.  Under Pennsylvania licensing requirements, mental health clinics must be supervised by a licensed psychiatrist for at least sixteen hours a week.  From the outset, Benoit operated her clinic with less than the mandated psychiatric supervision; at times, she ran her clinic with none at all.  Acting as a psychiatrist, Benoit counseled clients and prescribed Schedule II controlled substances to some of them, including minors.  To further her fraudulent scheme, she used the names and identifying information of two psychiatrists who no

longer worked at her clinic.  She also submitted fraudulent claims for her services to certain insurance companies.

In October 2011, a grand jury returned an indictment against Benoit.  Two months later, in a superseding indictment, Benoit was charged with: twenty-five counts of health care fraud under 18 U.S.C. § 1347; twenty-five counts of aggravated identity theft under 18 U.S.C. § 1028A; eight counts of distributing controlled substances under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and eighteen counts of distributing controlled substances to persons under the age of twenty-one under 21 U.S.C. § 859.

After several pretrial conferences addressing pretrial motions, changes in counsel, and a competency evaluation, a jury trial commenced on June 5, 2012.  The jury found Benoit guilty on all counts.

At sentencing, the advisory guideline range was 168 to 210 months.  Benoit was sentenced to seventy-two months in prison, six years of supervised release, and ordered to make restitution in the amount of $422,583.62.

Benoit appealed her sentence and conviction.  Her attorney filed an *Anders* brief to withdraw as counsel because there were no non-frivolous bases for an appeal.  Benoit filed a *pro se* brief in support of her appeal.  "[S]atisfied that counsel had conscientiously examined [the] record for appealable issues" and concluding that there were no non-frivolous issues for appeal, the Court of Appeals granted counsel's motion to withdraw and affirmed the conviction and sentence.  *United States v. Benoit*, 545 Fed. App'x. 171, 174, 176 (3d Cir. 2013).

On August 25, 2014, Benoit filed a motion under 28 U.S.C. § 2255 challenging her conviction and sentence based on allegedly ineffective assistance of counsel.

**DISCUSSION**

A defendant claiming ineffective assistance of counsel must show that counsel's representation fell below an objective standard of reasonableness and that this deficiency prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A defendant is prejudiced if there is a reasonable probability that, but for counsel's errors, the proceeding would have reached a different outcome. *Strickland*, 466 U.S. at 692.

Benoit alleges ineffective assistance of counsel on seven grounds: (1) failure to argue that Benoit's right to a speedy trial was violated; (2) failure to argue that the jury was not drawn from a fair cross-section of the community; (3) failure to argue that Benoit was not given an adequate opportunity to review sentencing memoranda and the pre-sentence investigation report, as mandated by Federal Rule of Criminal Procedure 32; (4) failure to preserve Benoit's right to testify at trial; (5) failure to argue that the amount awarded in restitution was incorrect; (6) decision to file an *Anders* brief on appeal; and (7) the cumulative effect of these alleged errors. All these arguments lack merit.

I)      Speedy Trial Concerns

Benoit argues that her constitutional and statutory speedy trial rights—under the Sixth Amendment and the Speedy Trial Act[1], 18 U.S.C. § 3161 *et seq.*—were abridged and that her attorney erred by failing to raise those issues. Brief at 6. Benoit made the inverse of this argument on appeal and contended that her attorney was denied enough time to prepare for trial. *See United States v. Benoit*, 545 Fed. App'x. 171, 175 (3d Cir. 2013).

---

[1]With certain caveats, the Speedy Trial Act assures a criminal defendant a trial commencing no later than seventy days after the initial appearance or after the charging instrument has been filed. 18 U.S.C. § 3161(c)(1).

3

The record does not reveal a constitutional or statutory violation of Benoit's speedy trial rights. In support of a motion to continue her trial, Benoit expressly waived those rights on November 15, 2011. *See* paper no. 5. Her signed waiver affirmed that she had consulted her attorney about those rights; it also stated that every day until a new trial date was set would not count for speedy trial purposes. *Id.* Benoit's trial commenced thirty-four non-excludable days after her initial appearance, within the period prescribed by the Speedy Trial Act. *See* U.S.C. § 3161(c)(1).

Benoit's argument is also undermined by her decision to file numerous pretrial motions, including a motion for a competency evaluation and multiple motions for new counsel. In light of her timely trial and dilatory tactics, Benoit fails to identify any cognizable speedy trial issues.

II) <u>Jury Selection Process</u>

On appeal, Benoit argued that the jury empaneled for her trial, consisting of one African-American male, did not represent a fair cross-section of the community in violation of the Sixth Amendment and the Jury Selection and Service Act, 28 U.S.C. § 1861. The Court of Appeals held that Benoit had failed to show any of the elements required to establish a prima facie violation, including that (1) the group allegedly excluded is a distinctive group in the community; (2) the representation of the group in jury venires is not reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is caused by the systematic exclusion of the group in the jury selection process. *United States v. Benoit*, 545 Fed. App'x. 171, 175 (3d Cir. 2013); *see also United States v. Weaver*, 267 F.3d 231, 237 (3d Cir. 2001). Benoit now attempts to revive that argument: she contends she was denied effective assistance of counsel because of her attorney's failure to address that issue when her jury was selected. Brief

4

at 16.

"[C]laims will ordinarily not be entertained under § 2255 that have already been rejected on direct review." *Reed v. Farley*, 512 U.S. 339, 358 (1994) (Scalia, J., concurring). Not only has the Court of Appeals already rejected Benoit's argument, Benoit still presents no statistical evidence of the type required to support her claim. *See United States v. Weaver*, 267 F.3d 231, 240 (3d Cir. 2001). Benoit challenges without any authority the propriety of using voter registration lists for jury selection purposes, even though such an approach has been authorized by statute. *See* 28 U.S.C. § 1863(b)(2). Benoit's argument remains frivolous and a claim of ineffective assistance of counsel may not be predicated on counsel's failure to make a frivolous argument. *See, e.g.*, *Premo v. Moore*, 562 U.S. 115, 121 (2011).

III)   <u>Rule 32 Issues</u>

Benoit argues that she was not given an adequate opportunity to review the parties' sentencing memoranda or her pre-sentence investigation report. Brief at 17. She argues that her attorney erred by failing to identify this alleged violation of Federal Rule of Criminal Procedure 32. *See* Fed. R. Crim. P. 32(i).

The record does not support this argument. At sentencing, this Court asked Benoit's attorney if he had shared with Benoit the government's sentencing memorandum and the latest version of the pre-sentence investigation report. Sentencing Tr. at 2:8-19. He confirmed that he had. *Id.* Federal Rule of Criminal Procedure 32 demands a functional inquiry and the Court of Appeals "has declined to interpret Rule 32 as creating an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the [pre-sentence] report and discuss it with counsel." *United States v. Stevens*, 223 F.3d 239, 241 (3d Cir. 2000). This court

complied with Rule 32's verification requirement.  E-mail exchanges between Benoit and her attorney also reveal that Benoit had read and discussed with her attorney the probation office's pre-sentence reports.[2]  *See* Ex. C & E accompanying Government Response.

Benoit fails to identify a single specific and prejudicial error in her sentencing materials that may have affected her sentence.  Benoit was granted a substantial downward departure from the guideline range of 168-210 months. Her argument is unpersuasive.

IV)   Right to Testify

Benoit argues that her attorney deprived her of her right to testify and prevented her from making that choice on her own.  Brief at 24.  As a result, the jury was denied the opportunity to hear her "version of events" and reached the wrong decision.  *Id.*

This argument is belied by the record.  When informed that she had the right to testify, Benoit affirmed that her attorney had advised her of that right.  Transcript of Jury Trial, Day 3 (June 7, 2012), 141:10-18.  When asked if she wanted to testify, she personally affirmed that she did not.  *Id.*, 141:19-21.

The record reveals that Benoit's decision not to testify was informed and voluntary. Benoit may not now fault her attorney for that decision.

V)   Restitution Award

Benoit contends that the restitution award was incorrect and failed to reflect the value of the services she provided.  She argues that counsel erred by failing to flag this alleged error. Brief at 26-27.

---

[2] In her reply brief, Benoit contends that she "was involved in the [sentencing] process at some level but not the most critical final level."  Reply at 10.  This assertion is contradicted by the exchange with her attorney at the sentencing hearing.

Her claim is without merit.  The Court of Appeals found no error in the restitution award of $422,583.62, an "amount . . . consistent with the loss computed by the District Court, which was supported by the evidence."  *Benoit*, 545 Fed. App'x. at 176 (3d Cir. 2013).  Challenges to restitution orders are not cognizable under § 2255.  *See, e.g.*, *United States v. Trimble*, 12 F.Supp.3d 742, 746 (E.D. Pa. 2014); *see also Easton v. Williamson*, 267 Fed.Appx. 116, 117 (3d Cir. 2008).[3]  Under the federal sentencing guidelines, no credit is to be provided for the value of fraudulently rendered services when computing a victim's loss.  § 2B1.1 app. note 3(F)(v).  Counsel did not err in failing to challenge the restitution award.

VI)     *Anders* Brief

Benoit contends that her attorney was "constitutionally deficient" in filing an *Anders* brief on appeal and  failing to raise the errors alleged in Benoit's motion to vacate.  Brief at 27.  This argument is without merit.  The Court of Appeals concluded that its "own independent review of the record fail[ed] to reveal any nonfrivolous issues for appeal."  *Benoit*, 545 Fed. App'x. at 176 (3d Cir. 2013).  Benoit's motion to vacate also fails to reveal non-frivolous issues that should have been identified by her attorney.  The decision to file an *Anders* brief does not support a claim of ineffective assistance of counsel.

VII)    Cumulative Effect of Alleged Errors

Benoit argues that the cumulative effect of her attorney's errors demands a reversal of her conviction and sentence.  Brief at 25.  Benoit has failed to identify a single error in her motion to vacate.  Zero plus zero is zero, and the cumulative result of counsel's non-errors is not

---

[3] *Easton* is a non-precedential opinion, but cites precedential authority from sister circuits to support this proposition.

constitutional error.  *See United States v. Powell*, 444 Fed. App'x. 517, 522 (3d Cir. 2011).[4]

      An appropriate Order follows.

---

    [4] *United States v. Powell* is a non-precedential opinion.